IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN VICE,

    Plaintiffs,                    No. CIV S-08-0116 GEB GGH

    vs.

ESKATON VILLAGE RETIREMENT HOME, et al.,    ORDER

    Defendants.

_____/

        The parties have sought to have the court sign a protective order where documents designated by the parties as "confidential," or "highly confidential" are filed under seal pursuant to California Rules of Court 2.551(b)(3)(A). The parties are reminded that their action has been filed in federal court and is premised on federal law. Therefore, the Federal Rules of Civil Procedure and the Eastern District Local Rules apply. The law applicable to filing confidential documents, although similar to the state rule cited by the parties, is set forth below.

        Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal. Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v.

1

1  United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the
2  fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively
3  public").[1]
4        Protective orders safeguard the parties and other persons in light of the otherwise
5  broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The
6  court has great discretion to issue protective orders if discovery causes annoyance,
7  embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States,
8  596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order.
9  Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.
10 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the
11 public can gain access to litigation documents and information produced during discovery unless
12 the party opposing disclosure shows 'good cause' why a protective order is necessary").
13       "Good cause" to bar the public from litigation documents must be more than
14 mere desire. The party seeking protection must show specific prejudice or harm, including, with
15 respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc.,
16 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure
17 Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of
18 information to the public, then it balances the public and private interests to decide whether a
19 protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v.
20 Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).
21 \\\\\
22 \\\\\
23 \\\\\

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

2

Accordingly, if the parties desire a protective order to be filed in this court, the parties shall submit a protective order which permits a filing under seal only upon a particularized showing of good cause.

IT IS SO ORDERED.

Dated: 05/06/08                    /s/ Gregory G. Hollows
                                   U.S. Magistrate Judge

GGH:076
Vice0116.po.wpd